**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

HARPREET SINGH,

     Petitioner,

     v.

KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*, et al.,

     Respondents.

Case No. 1:26-CV-168

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on Petitioner Harpreet Singh's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition, (Doc. 10), and the parties have submitted supplemental briefing at the Court's invitation, (Doc. 12, 13).  The petition is now ripe for review. [1]

## I.    FACTUAL BACKGROUND

Petitioner, a citizen of India, entered the United States through Canada in September 2024. In February 2025, the Queens County Family Court in New York issued a guardianship for Petitioner. He subsequently filed an I-360 petition for Special Immigrant Juvenile ("SIJ")[2] status, which was approved by United States

---

[1] Defendant Richard Jones, Warden of the Butler County Jail, also moves to dismiss for failure to state a claim. That motion will be denied as moot.

[2] "The classification provides 'immigration relief for foreign-born children living in the United States who have been abused, neglected, abandoned, or similarly mistreated by a parent' and for whom a

Citizenship and Immigration Services in July 2025. Petitioner still possesses active SIJ status, which enables him to apply for a visa when one becomes available.

On October 10, 2025, apparently as the result of his association with an acquaintance, Petitioner was arrested and detained by the Homeland Security Task Force. The Court is unaware of—and Respondents have not presented any evidence of—criminal convictions or pending criminal charges against Petitioner. Nevertheless, he has remained in custody at the Butler County Jail since his initial arrest.

Petitioner filed a motion in Immigration Court to terminate his removal proceedings on October 27, 2025, which was denied. He also moved unsuccessfully on November 11, 2025, and December 8, 2025, for custody redetermination hearing before an Immigration Judge ("IJ"). Petitioner's asylum application was eventually denied on December 29, 2025, and the IJ ordered his removal to India; an appeal of that decision is currently pending before the Board of Immigration Appeals. (Doc. 12, PageID 202-04).

This habeas action followed on February 17, 2026, with Petitioner arguing that his continued detention without a custody redetermination hearing is both unlawful and unconstitutional. Petitioner contends that he is entitled to a custody redetermination hearing since he is detained under 8 U.S.C. § 1226(a); Respondents counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).

---

state or administrative court has determined it would not be in their best interest to be returned to their home country or prior country of residence." *A.C.R. v. Noem*, 2025 U.S. Dist. LEXIS 228076, at *4 (E.D.N.Y. Nov. 19, 2025).

## II.  CONTROLLING LAW & ANALYSIS

Respondents concede that the Court has repeatedly rejected their novel interpretation of § 1225(b) and held that the overly broad mandatory detention framework being imposed violates the Due Process Clause of the Fifth Amendment. However, Respondents argue that "there are materially different facts here as the Petitioner was never detained nor released by the government until his arrest and detention on October 10, 2025." (Doc. 10, PageID 67). The Court disagrees and finds no factual difference necessitating a different outcome.

Even if Petitioner's designation of parole under 8 U.S.C. § 1255(h) "does not constitute a parole or admission into the United States," as Respondents assert, (Doc. 12, PageID 206), the Court has clearly found that "detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual encountered is 'seeking admission' at the border or its functional equivalent." *Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801, at *7 (S.D. Ohio Feb. 18, 2026) (cleaned up).

Neither the relevant caselaw, nor the applicable statutory framework, nor the accompanying regulations "give the government the authority and mandate to detain all noncitizens unlawfully present in the United States without bond." *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 U.S. App. LEXIS 3899, at *40 (5th Cir. Feb. 6, 2026) (Douglas, J. dissenting). Ultimately, for the reasons stated in

its prior opinions, the Court finds that Petitioner's continued detention is unlawful and unconstitutional in the absence of an individualized, constitutionally adequate custody redetermination hearing at which the government bears the burden of persuasion. *See Azalyar v. Raycraft*, ___ F.Supp.3d ___, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705 (S.D. Ohio Jan. 2, 2026); *Garcia Gonzales v. Raycraft*, No. 1:26-CV-112, 2026 U.S. Dist. LEXIS 35094 (S.D. Ohio Feb. 20, 2026); *Wali v. Raycraft*, No. 1:26-CV-145, 2026 U.S. Dist. LEXIS 36339 (S.D. Ohio Feb. 23, 2026).

## III.  CONCLUSION

Accordingly, the petition for a writ of habeas corpus, (Doc. 1), is **GRANTED**.

**IT IS ORDERED** that, on or before March 24, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

> **(1)** Respondents **shall** provide a copy of this order to the IJ prior to any hearing;
>
> **(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *5-9;
>
> **(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention and adduce *clear and convincing evidence* that Petitioner is a danger to the community. *See Black v. Decker*, 103 F.4th 133, 155 (1st Cir. 2024), *reh'g en banc denied*; *Soto-Medina v. Lynch*, No. 1:25-CV-1704, 2026 U.S. Dist. LEXIS 11113, at *12-27 (W.D. Mich. Jan. 21, 2026); and
>
> **(4)** the IJ **shall** consider whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report within one (1) business day following the above deadline to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

The Court retains jurisdiction to enforce this grant of relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), and adjudicate timely petitions filed under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Michael R. Barrett
United States District Judge